IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLIFTON EARL WHITE, an individual, | ) |
| Plaintiff, | ) |
| vs. | ) Case Number CIV-13-862-C |
| LYNN MARCUS LEWIS, an individual; RAIDER EXPRESS, INC., a foreign corporation; NATIONAL SPECIALITY INSURANCE CO., a foreign insurance corporation; STEVE JAY SILVERSON, an individual; NAVAJO EXPRESS, INC., a foreign corporation; and ZURICH AMERICAN INSURANCE CO., a foreign insurance corporation, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed the present action seeking to recover for injuries allegedly incurred following a collision between the vehicle he was driving and vehicles driven by Defendant Lewis and Defendant Silverson. Plaintiff recently amended his Complaint to name as Defendants Raider Express, Inc., and National Specialty Insurance Co. ("Raider Defendants"). The Raider Defendants now seek dismissal pursuant to Fed. R. Civ. P. 12(b)(1), arguing the Court lacks subject matter jurisdiction because the statute of limitations expired prior to Plaintiff naming them as Defendants. In response, Plaintiff argues that the failure to name the Raider Defendants earlier was the result of an error in the official Oklahoma Traffic Collision Report and that error prevented him from naming the proper

Defendants. Plaintiff argues that his claims against the Raider Defendants should relate back pursuant to Fed. R. Civ. P. 15(c).

When certain elements are met, Fed. R. Civ. P. 15(c)(1) permits addition of a party to "relate back" to the time of the original filing, thereby permitting addition of a party after the limitations period has expired. To trigger the "relate back" provisions, the amending party must show the new claims (1) "arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading;" (2) the newly added party must have had notice of the pending action such that it will not be prejudiced by being added; and (3) the plaintiff must show the newly added party knew or should have know that the action would have been brought against it but for a mistake concerning its identity. Fed. R. Civ. P. 15(c)(1).

There is no dispute that the new claims arose out of the same occurrence as the original complaint. As for the second and third elements, Plaintiff argues the Raider Defendants had notice of the accident and the pending claims shortly afterwards, at least in part, because the truck owned by Defendant Raider Express and insured by National Specialty was totaled in the collision.

The Supreme Court recently addressed "relation back" in the context of Rule 15(c) in Krupski v. Costa Crociere S.p.A., 560 U.S. 538 (2010). In discussing the level of notice required, the Supreme Court noted the "relation back" doctrine balances the interests of statutes of limitations and the desire to resolve disputes on their merits. Id. at 550. Under Rule 15(c), when a party has been notified of litigation concerning a particular occurrence,

that party has received all the notice that statutes of limitations were intended to provide. Id. citing Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149 n.3 (1984).

As noted above, the Raider Defendants were clearly aware that a collision involving their vehicle had occurred. Further, Plaintiff's original complaint named the driver of that vehicle as a Defendant. Finally, the Raider Defendants' current counsel also represented the Defendant driver. These facts are sufficient to demonstrate the Raider Defendants had notice of the pendency of the litigation within the time limits required by Rule 15(c)(1)(C). Additionally, the Court notes the Raider Defendants do not contest that they were aware of the collision or the litigation and raise no argument that they will be prejudiced by the amendment.

In their reply, the Raider Defendants argue that Plaintiff's claim of "mistaken identity" defies the very evidence presented in support of his response. The Raider Defendants argue that the collision report attached to Plaintiff's response clearly identifies the vehicle as owned by Raider Express. Further, these Defendants argue the photograph provided by Plaintiff shows a Raider Express logo on the door of the semi-truck. Therefore, the Raider Defendants argue, any failure by Plaintiff to timely include Raider is due to Plaintiff's own mistake.

The Raider Defendants' argument is contrary to the applicable law as set forth by the United States Supreme Court in Krupski, where the Supreme Court reversed the Eleventh Circuit's finding that plaintiff's mistake barred relation back under Rule 15(c):

> The question under Rule 15(c)(1)(C)(ii) is not whether Krupski knew or should have known the identity of Costa Crociere as the proper defendant, but whether Costa Crociere knew or should have known that it would have been named as a defendant but for an error. Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint.

Id., 560 U.S. at 548. Thus, it matters not whether Plaintiff knew or could have known of the proper name for Defendants. Rather, the focus must be on whether or not, within the time limits set forth by the federal rules, Defendants knew or should have known that an action existed. As noted above, the facts demonstrate Defendants were on notice of the collision and the litigation prior to expiration of the limitations period. The Raider Defendants have offered no argument or evidence to counter that assertion. Accordingly, the Court finds that Plaintiff has demonstrated entitlement to "relation back" under Rule 15(c) and the Raider Defendants' Motions to Dismiss will be denied.

For the reasons set forth herein, the Motion to Dismiss of National Specialty Insurance Company (Dkt. No. 38) and the Motion to Dismiss of Raider Express, Inc. (Dkt. No. 39) are DENIED.

IT IS SO ORDERED this 9th day of September, 2014.

_____
ROBIN J. CAUTHRON
United States District Judge