IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLIFTON EARL WHITE, an individual, | ) |
| Plaintiff, | ) |
| vs. | ) Case Number CIV-13-862-C |
| LYNN MARCUS LEWIS, an individual; RAIDER EXPRESS, INC., a foreign corporation; NATIONAL SPECIALITY INSURANCE CO., a foreign insurance corporation; STEVE JAY SILVERSON, an individual; NAVAJO EXPRESS, INC., a foreign corporation; and ZURICH AMERICAN INSURANCE CO., a foreign insurance corporation, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff was driving a tractor-trailer in Cimarron County, Oklahoma. Defendant Silverson was operating a tractor-trailer directly behind him and Defendant Lewis was operating a tractor-trailer directly behind Silverson. According to Plaintiff, Defendant Lewis committed several traffic violations which caused his tractor-trailer to rear end and collide with the tractor-trailers operated by Silverson and White. Plaintiff then brought the present action, seeking to recover for injuries allegedly suffered as a result of the collision.

In addition to naming the drivers and their employers, Plaintiff has also named the insurance carriers for Defendants' tractor-trailers. According to Plaintiff, a direct action against the insurance carriers is permissible pursuant to 47 Okla. Stat. § 169 and/or 47 Okla.

Stat. §230.30. Defendant National Specialty Insurance Company has filed a Motion for Summary Judgment arguing that it is entitled to judgment or dismissal of Plaintiff's claims against it. According to Defendant National Specialty, as a general rule under Oklahoma law, there is no right to bring a direct action against the insurer of an alleged tortfeasor. Daigle v. Hamilton, 1989 OK 137, 782 P.2d 1379, 1383. As noted above, Plaintiff argues that § 169.1 or 230.30 offers statutory support for permitting a direct action.

After consideration of the parties' arguments, the Court finds that neither statutory provision permits the action as asserted by Plaintiff. The clear language of § 169 establishes that it applies only to those motor carriers whose principal place of business is in Oklahoma. As Defendant notes, Plaintiff alleges in his Amended Complaint the fact that Defendant Raider Express, who was National Specialty's insured, is a Texas corporation with its principal place of business located in Texas. Thus, § 169 does not apply or permit a direct action against Defendant National Specialty.

Plaintiff also relies on 47 Okla. Stat. § 230.30. The fatal flaw in Plaintiff's reliance on this statute is the fact that Raider Express is a participant in the "Unified Carrier Registration" ("UCR") system.[*] See 49 U.S.C.§ 14504a. Pursuant to this statute, Raider Express is not required to register and file a certificate with the Oklahoma Corporation Commission. Thus, the provisions of Oklahoma's Motor Carrier Act, 47 Okla. Stat. §§ 230.21 et seq., including § 230.30, do not apply. See Fierro v. Lincoln Gen. Ins. Co.,

---

[*] Defendant erroneously relies on 49 U.S.C. § 14504. However, that statute has been repealed.

2009 OK CIV APP 62, ¶ 1, 217 P.3d 158, 159 (*Adams, J. concurring*); see also Green v. ACE Am. Ins. Co., No. CIV-07-1377-HE, 2008 WL 4372871, at *3 (W.D. Okla. Sept. 19, 2008).

Plaintiff argues that the evidence submitted by Defendant demonstrating its compliance with the UCR is hearsay and inadmissible. However, as Defendant correctly notes, at the summary judgment stage it is unnecessary to present evidence in an admissible form. Rather, only the content must be properly supported. As suggested by Defendant, the Court has examined the website for the Federal Motor Carrier Safety Administration's Safety and Fitness and Electronic Record System ("SAFER") and verified that the documents submitted by Defendant are valid. See http://safer.fmcsa.dot.gov/ (last access December 16, 2014). Consequently, the Court finds Plaintiff's objections without merit and they will be overruled. To the extent Plaintiff argues that additional discovery is required, he has failed to submit an affidavit or declaration as required by Fed. R. Civ. P. 56(d) in that he fails to identify the specific reasons why he cannot yet present the facts necessary to oppose Defendant's Motion.

For the reasons set forth herein, Defendant National Specialty Insurance Company's Motion for Summary Judgment (Dkt. No. 52) is GRANTED. A separate Judgment shall issue at the close of this case.

IT IS SO ORDERED this 18th day of December, 2014.

ROBIN J. CAUTHRON
United States District Judge